UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EJD INSURANCE AGENCY, INC., <br><br> Plaintiff, <br><br> v. <br><br> TRANSAMERICA OCCIDENTAL LIFE INSURANCE COMPANY and BISYS INSURANCE SERVICES, INC., <br><br> Defendants. | CIVIL ACTION NO. 03-12304MLW |

### DEFENDANT BISYS INSURANCE SERVICES, INC.'S ANSWER TO PLAINTIFF EJD INSURANCE AGENCY, INC.'S COMPLAINT

BISYS Insurance Services, Inc., ("BISYS"), by and through undersigned counsel, responds to Plaintiff's complaint as follows:

1. BISYS states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of Plaintiff's complaint and they are, therefore, denied.

2. BISYS denies that Transamerica was the principal of BISYS. BISYS states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 2 of Plaintiff's complaint and they are, therefore, denied.

3. BISYS admits that it is registered as a foreign corporation under the laws of the Commonwealth of Massachusetts, maintaining a principal place of business at 4250 Crums Mill Road, Harrisburg, Pennsylvania and admits that it is a commercial concern engaged in the business, *inter alia*, of contracting life insurance and annuities. BISYS denies the remaining

allegations set forth in paragraph 3 of Plaintiff's complaint. By way of further answer, BISYS states that it is a corporation organized under the laws of Pennsylvania.

4. Paragraph 4 of Plaintiff's complaint sets forth a legal conclusion and, therefore, no response is required. BISYS denies the Plaintiff's damages as alleged.

5. BISYS repeats and incorporates its answers to paragraphs 1-4 of Plaintiff's complaint.

6. BISYS states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth or incorporated in paragraph 6 of Plaintiff's complaint and they are, therefore, denied.

7. BISYS states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth or incorporated in paragraph 7 of Plaintiff's complaint and they are, therefore, denied.

8. BISYS denies that BISYS was Transamerica's general agent. BISYS states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth or incorporated in paragraph 8 of Plaintiff's complaint and they are, therefore, denied.

9. BISYS states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth or incorporated in paragraph 9 of Plaintiff's complaint and they are, therefore, denied.

10. BISYS states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth or incorporated in paragraph 10 of Plaintiff's complaint and they are, therefore, denied.

11. BISYS admits only that it advised McNeil that the policy would likely issue with Stedman and his wife categorized as preferred, non-smoking insureds. BISYS states that it is

without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth or incorporated in paragraph 11 of Plaintiff's complaint and they are, therefore, denied.

12. BISYS admits only that they received an agent of record letter from McNeil. BISYS states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth or incorporated in paragraph 12 of Plaintiff's complaint and they are, therefore, denied.

13. BISYS states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth or incorporated in paragraph 13 of Plaintiff's complaint and they are, therefore, denied.

14. BISYS admits only that McNeil emailed Danielle Champagne at BISYS on February 20, 2003 and that Danielle Champagne emailed McNeil on February 24, 2003 stating that she "just received a response from the underwriter. Based on the lab findings, the applicants DO NOT qualify for the Select rates with the new product." BISYS states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 14 of Plaintiff's complaint and they are, therefore, denied.

15. BISYS admits only that BISYS sent an email confirming that Stedman did not qualify for the preferred select category. BISYS denies that BISYS was Transamerica's general agent. BISYS states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth or incorporated in paragraph 15 of Plaintiff's complaint and they are, therefore, denied.

3

16. BISYS admits only that McNeil contacted Champagne via email and related a phone conversation. BISYS denies the remaining allegations set forth or incorporated in paragraph 16 of Plaintiff's complaint.

17. BISYS states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth or incorporated in paragraph 17 of Plaintiff's complaint and they are, therefore, denied.

18. BISYS states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth or incorporated in paragraph 18 of the complaint and they are, therefore, denied.

19. BISYS repeats and incorporates its answers to paragraphs 1-18 of Plaintiff's complaint.

20. BISYS states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth or incorporated in paragraph 20 of Plaintiff's complaint and they are, therefore, denied.

21. BISYS states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth or incorporated in paragraph 21 of Plaintiff's complaint and they are, therefore, denied.

22. BISYS states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth or incorporated in paragraph 22 of Plaintiff's complaint and they are, therefore, denied.

23. BISYS states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth or incorporated in paragraph 23 of Plaintiff's complaint and they are, therefore, denied.

24. BISYS states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth or incorporated in paragraph 24 of Plaintiff's complaint and they are, therefore, denied.

25. BISYS repeats and incorporates its answers to paragraphs 1-24 of Plaintiff's complaint.

26. BISYS denies the allegations set forth or incorporated in paragraph 26 of Plaintiff's complaint.

27. BISYS denies the allegations set forth or incorporated in paragraph 27 of Plaintiff's complaint.

28. BISYS admits the allegations set forth in paragraph 28 of Plaintiff's complaint and, by way of further answer, states that no commission monies were owed to EJD on the policy of insurance issued to Stedman.

29. BISYS denies the allegations set forth or incorporated in paragraph 29 of Plaintiff's complaint.

30. BISYS denies the allegations set forth or incorporated in paragraph 30 of Plaintiff's complaint.

31. BISYS repeats and incorporates its answers to paragraphs 1-30 of Plaintiff's complaint.

32. BISYS denies that BISYS is a general agent of Transamerica. BISYS states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth or incorporated in paragraph 32 of Plaintiff's complaint and they are, therefore, denied.

33. BISYS states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth or incorporated in paragraph 33 of Plaintiff's complaint and they are, therefore, denied.

34. BISYS states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth or incorporated in paragraph 34 of Plaintiff's complaint and they are, therefore, denied.

35. BISYS states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth or incorporated in paragraph 35 of Plaintiff's complaint and they are, therefore, denied.

36. BISYS states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth or incorporated in paragraph 36 of Plaintiff's complaint and they are, therefore, denied.

37. BISYS repeats and incorporates its answers to paragraphs 1-36 of Plaintiff's complaint.

38. BISYS admits the allegations set forth in paragraph 38 of Plaintiff's complaint.

39. BISYS denies the allegations set forth or incorporated in paragraph 39 of Plaintiff's complaint.

40. BISYS denies the allegations set forth or incorporated in paragraph 40 of Plaintiff's complaint.

41. BISYS states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth or incorporated in paragraph 41 of Plaintiff's complaint and they are, therefore, denied.

42. BISYS admits that the Plaintiff did not sell a policy to Stedman. BISYS denies that Plaintiff has sustained any damages which it may recover against BISYS.

43. BISYS repeats and incorporates its answers to paragraphs 1-42 of Plaintiff's complaint.

44. BISYS states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth or incorporated in paragraph 44 of Plaintiff's complaint and they are, therefore, denied.

45. BISYS states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth or incorporated in paragraph 45 of Plaintiff's complaint and they are, therefore, denied.

46. BISYS states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth or incorporated in paragraph 46 of Plaintiff's complaint and they are, therefore, denied.

47. BISYS states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth or incorporated in paragraph 47 of Plaintiff's complaint and they are, therefore, denied.

48. BISYS repeats and incorporates its answers to paragraphs 1-47 of Plaintiff's complaint.

49. BISYS denies the allegations set forth or incorporated in paragraph 49 of Plaintiff's complaint.

50. BISYS denies the allegations set forth or incorporated in paragraph 50 of Plaintiff's complaint.

51. BISYS denies the allegations set forth or incorporated in paragraph 51 of Plaintiff's complaint.

52. BISYS denies the allegations set forth or incorporated in paragraph 52 of Plaintiff's complaint.

53. BISYS repeats and incorporates its answers to paragraphs 1-52 of Plaintiff's complaint.

54. BISYS states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth or incorporated in paragraph 54 of Plaintiff's complaint and they are, therefore, denied.

55. BISYS states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth or incorporated in paragraph 55 of Plaintiff's complaint and they are, therefore, denied.

56. BISYS states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth or incorporated in paragraph 56 of Plaintiff's complaint and they are, therefore, denied.

57. BISYS repeats and incorporates its answers to paragraphs 1-56 of Plaintiff's complaint.

58. BISYS denies the allegations set forth or incorporated in paragraph 58 of Plaintiff's complaint.

59. BISYS denies the allegations set forth or incorporated in paragraph 59 of Plaintiff's complaint.

60. BISYS admits the allegations set forth in paragraph 60 of Plaintiff's complaint, and, by way of further answer, states that no monies were owed to EJD for services rendered.

61. BISYS repeats and incorporates its answers to paragraphs 1-60 of Plaintiff's complaint.

62. BISYS states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth or incorporated in paragraph 62 of Plaintiff's complaint and they are, therefore, denied.

63. BISYS states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth or incorporated in paragraph 63 of Plaintiff's complaint and they are, therefore, denied.

64. BISYS states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth or incorporated in paragraph 64 of Plaintiff's complaint and they are, therefore, denied.

65. BISYS states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth or incorporated in paragraph 65 of Plaintiff's complaint and they are, therefore, denied.

66. BISYS repeats and incorporates its answers to paragraphs 1-65 of Plaintiff's complaint.

67. BISYS states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth or incorporated in paragraph 67 of Plaintiff's complaint and they are, therefore, denied.

68. BISYS denies the allegations set forth or incorporated in paragraph 68 of Plaintiff's complaint.

69. BISYS denies the allegations set forth or incorporated in paragraph 69 of Plaintiff's complaint.

70. BISYS denies the allegations set forth or incorporated in paragraph 70 of Plaintiff's complaint.

71. BISYS repeats and incorporates its answers to paragraphs 1-70 of Plaintiff's complaint.

72. BISYS admits the allegations set forth in paragraph 72 of Plaintiff's complaint.

73. BISYS admits the allegations set forth in paragraph 73 of Plaintiff's complaint.

74. BISYS states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth or incorporated in paragraph 74 of Plaintiff's complaint and they are, therefore, denied.

75. BISYS states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth or incorporated in paragraph 75 of Plaintiff's complaint and they are, therefore, denied.

76. BISYS states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth or incorporated in paragraph 76 of Plaintiff's complaint and they are, therefore, denied.

77. BISYS repeats and incorporates its answers to paragraphs 1-76 of Plaintiff's complaint.

78. BISYS admits the allegations set forth in paragraph 78 of Plaintiff's complaint.

79. BISYS admits the allegations set forth in paragraph 79 of Plaintiff's complaint.

80. BISYS denies the allegations set forth or incorporated in paragraph 80 of Plaintiff's complaint.

81. BISYS denies the allegations set forth or incorporated in paragraph 81 of Plaintiff's complaint.

82. BISYS denies the allegations set forth or incorporated in paragraph 82 of Plaintiff's complaint.

### FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiff's damages were caused by the acts of a third party for whose conduct BISYS is not responsible.

Respectfully submitted,

BISYS INSURANCE SERVICES, INC.,

By its attorneys,

_/s/ Neil T. Smith_
Neil T. Smith (BBO # 651157)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
Tel. (617) 570-1000
Fax. (617) 523-1231

*Of Counsel*
Stephen C. Baker
Drinker Biddle & Reath LLP
One Logan Square
18th and Cherry Streets
Philadelphia, PA 19103

Dated: April 30, 2004

## CERTIFICATE OF SERVICE

I, Neil T. Smith, hereby certify that pursuant to local rule 5.2, on April 30, 2004, I caused a true and correct copy of the foregoing Answer to be served, via United States mail, postage prepaid, upon all counsel of record as follows:

David W. Krumsiek
PERRY, KRUMSIEK & WAYLAND LLP
Suite 200 114 State Street
Boston, MA 02109
(617) 742-9013
Attorney for Plaintiff, EJD Insurance Agency, Inc.

Kevin M. Dalton
GLOVSKY & GLOVSKY
8 Washington Street
Beverly, MA 01915
(978) 922-5000
Attorney for Defendant, Transamerica Occidental Life Insurance Company

Dated: April 30, 2004

_/s/ Neil T. Smith_
Neil T. Smith

12