# UNITED STATES DISTRICT COURT

FOR THE

## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| EJD INSURANCE AGENCY, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: 03-12304-MLW |
| | ) | |
| TRANSAMERICA OCCIDENTAL LIFE | ) | |
| INSURANCE COMPANY and BISYS | ) | |
| INSURANCE SERVICES, INC. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| BISYS INSURANCE SERVICES, INC., | ) | |
| | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STANLEY A. STEDMAN | ) | |
| Third-Party Defendant | ) | |
| | ) | |

## THIRD-PARTY DEFENDANT STANLEY A. STEDMAN'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS THE THIRD –PARTY COMPLAINT

### Introduction

Pursuant to Rule 12 (b) (6) of the Federal Rules of Civil Procedure, Third-Party

Defendant Stanley A. Stedman ("Stedman") moves to dismiss the Third-Party Complaint of

Defendant/Third-Party Plaintiff BISYS Insurance Services, Inc. ("BISYS"). BISYS' Third-Party

Complaint contains a single claim for indemnification which relies solely on the faulty premise

that it somehow benefits from the alleged breach of a contract between Stedman and the plaintiff

EJD Insurance Agency, Inc. ("EJD"). However, as BISYS is neither a party to the contract nor an intended beneficiary of the contract, it simply cannot prevail on its indemnification claim as a matter of law, and therefore, its Third-Party Complaint should be dismissed.

### Statement of Facts

The Third-Party Complaint arises out of a lawsuit filed by EJD, a Braintree insurance agency, against BISYS and defendant Transamerica Occidental Life Insurance Company ("Transamerica") essentially alleging that BISYS and Transamerica, while engaged in the business of contracting and issuing life insurance policies, availed themselves of the work product of EJD and then deprived it of a substantial commission by conspiring to arrange for a life insurance policy sought by Stedman to issue from a competing insurance agent. (Complaint, ¶¶ 1, 6-18, 21-22,27-28).

EJD makes no claim against Stedman. (Complaint ¶¶ 1-82). Stedman, an individual who resides in Woburn, Massachusetts, merely sought to purchase a life insurance policy for himself and his wife in connection with their estate planning. (Complaint,¶6). EJD recognizes that Stedman was consulting competing agents and that a competing agent informed Stedman that it could secure "essentially the same policy" as EJD for "a markedly lower premium." (Complaint,¶12). EJD acknowledges that Stedman "made it clear" that if the competing agent could deliver the same policy with the markedly lower premium, that he would purchase the policy from the competitor. (Complaint,¶15). However, Stedman agreed he would purchase the policy through EJD if the premiums and the terms were the same, (Complaint, ¶ 15), and apparently signed "an attestation" affirming an agent of EJD "as his permanent agent of record"

2

relative to the policy offered by EJD. (Complaint, ¶ 12). Ultimately, Stedman purchased a life insurance policy from a competitor of EJD for a lower premium.[1] (Complaint, ¶ 17).

By its Third-Party Complaint, BISYS asserts a single claim for indemnification against Stedman. (Third-Party Complaint, ¶¶ 5-12). BISYS' Third-Party Complaint is devoid of any allegation that there was any agreement for indemnification (or otherwise) between it and Stedman. *Id.* Nor does it allege that any indemnification arises by implication of common law from any course of dealing between Stedman and BISYS. *Id.* Rather BISYS' claim hinges only upon the allegation[2] that Stedman signed an attestation with an agent of EJD affirming EJD as his permanent agent of record relative to a Transamerica policy and then breached a contractual obligation to EJD when he purchased a Transamerica policy from a competing agency. (Third-Party Complaint, ¶9). BISYS then makes the legal conclusion that it is entitled to be indemnified by Stedman, "[i]f EJD sustained the damages in the manner and under the circumstances alleged, and if it is found that BISYS is liable to EJD in whole or in part, then such damages will have been occasioned, in whole or in part, by Stedman's breach of contract or other tortuous conduct, for which BISYS is not responsible." (Third-Party Complaint, ¶12). Notably, Transamerica, while similarly situated to BISYS, has not asserted any claim for indemnification against Stedman.

---

[1] Although not presented in any pleadings, Stedman is informed and believes that the life insurance product he ultimately purchased from a competitor of EJD was not offered by EJD at the time of his purchase because the product, which Stedman purchased out-of-state, was simply not available for sale in Massachusetts.
[2] BISYS did not attach a copy of the attestation to its Third-Party Complaint and bases its allegations concerning the attestation on the description by EJD of the attestation in its Complaint.

<u>Argument</u>

**I.    BISYS' Complaint Containing A Single Count For Indemnification Should Be Dismissed On the Grounds That It Fails To State A Claim Upon Which Relief Can Be Granted**

**A.    Legal Standard For A Motion To Dismiss**

A District Court may grant a Rule 12(b)(6) motion to dismiss where an examination of the allegations contained in the complaint, taken in the light most favorable to the plaintiff, reveals that the plaintiff would not be entitled to relief from the defendant under any set of provable facts. *Pihl v. Mass. Dep't of Educ.* 9 F.3d 184, 187 (1st Cir. 1993); *Garita Hotel, Ltd. Partnership v. Ponce Fed. Bank, F.S.B.* 958 F.2d 15, 17 (1st Cir. 1992). In judging the sufficiency of a complaint, courts "will not accept a complainant's unsupported conclusions or interpretations of law." *Washington Legal Foundations v. Massachusetts Bar Foundation*, 993 F.2d. 962, 971 (1st Ci. 1993). *Accord New England Cleaning Services, Inc. v. American Arbitration Assoc.*, 199 F.3d 542, 545 (1st Cir. 1999) ("The court is not required to accept legal conclusions as true when considering a motion to dismiss.")

While all allegations must be viewed in the light most favorable to plaintiff, Rule 12(b)(6) is not entirely a toothless tiger." *The Dartmouth Review v. Dartmouth Coll.*, 889 F.2d 13, 16 (1st Cir.1989). That is, its "minimal requirements are not tantamount to nonexistent requirements. The threshold may be low, but it is real--and it is the plaintiff's burden to take the step which brings his case safely into the next phase of the litigation." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir.1988). In this case, even when viewed most favorably to BISYS, its Third Party Complaint should be dismissed because the facts alleged simply cannot its claim for indemnification.

4

**B.    As BISYS Is Neither A Party To Nor An Intended Beneficiary Of The Contract Between Stedman And EJD, Its Claim For Indemnification Which Relies Completely Upon That Contract Is Defective As A Matter Of Law.**

**1.    BISYS Fails to Allege That Any Indemnification Agreement Exists Between It And Stedman And Fails To Allege Indemnification By Operation Of Law**

In general, indemnity is the right of a party who has discharged the obligation of another party to reimbursement by that party. See generally 41 Am. Jur. 2d, Indemnity § 1; C.J.S., Indemnity § 2. Indemnity may be available to a party pursuant to a contract, or by operation of law based on equitable principles designed to prevent unjust enrichment. See generally Restatement (Third) of Torts: Apportionment Liab. § 22 (2000) (replacing Restatement Second, Torts, 886B). Most often, a party who wants the benefits of indemnity will contract for that protection. See e.g., *Hardy v Gulf Oil Corp,* 949 F2d 826 (5th Cir 1992) (Texas law; noting that availability of common-law indemnity may be limited). The primary benefit of an indemnity agreement is that it permits persons to allocate among themselves the risk of loss associated with the subject of their agreement. See e.g., *Jones v Vappi & Co,* 28 Mass App 77, 80 (1989) (in context of construction contract, primary purpose of indemnity clause is to allocate among subcontractors and suppliers insurance burdens which cover their respective areas of responsibility).

To enforce a contractual right of indemnification, a plaintiff must show that the parties entered into an indemnity agreement. *Kelly v Dimeo Inc,* 31 Mass App 626, 628 (1991) review denied, 412 Mass 1102 (1992).  Even then, the agreement may not be found to apply. *Greater Boston Cable Corp v White Mountain Cable Construction Corp,* 414 Mass 76, 79-80 (1992) (contract containing indemnity clause was not reduced to writing or executed at time of worker's

injury; contract was to take effect three days after accident and indemnity clause was not retroactive in effect).

In the case at bar, BISYS' Third-Party Complaint is devoid of any allegation that there was any direct agreement for indemnification (or otherwise) between it and Stedman. (Third-Party Complaint, ¶¶ 5-12).[3]  Nor does it adequately allege that any indemnification arises by implication of common law from any course of dealing between Stedman and BISYS. Indeed, BISYS does not, and cannot, allege that it has discharged any obligation of Stedman as EJD has not yet made any recovery nor asserted any claim against Stedman. Thus, BISYS cannot meet even the most rudimentary pleading requirement—the existence of an indemnification agreement or the circumstances giving rise to the common law implication of indemnification. See e.g., *Greater Boston Cable Corp v White Mountain Cable Construction Corp,* 414 Mass 76, 79-80 (1992); Restatement (Third) of Torts: Apportionment Liab. § 22 (2000).

### 2.    BISYS Is Not An Intended Beneficiary of the Alleged Agreement Between EJD and Stedman

BISYS' indemnification claim relies completely on the agreement entered into between EJD and Stedman. In order for a third party to recover under a theory of breach of contract, it must demonstrate that it was an intended rather than an incidental beneficiary of that contract. *See, e.g., Rae v. Air-Speed, Inc.,* 386 Mass. 187, 194-95, 435 N.E.2d 628 (1982); *Harvard Law School Coalition for Civil Rights v. President and Fellows of Harvard College,* 413 Mass. 66, 71, 595 N.E.2d 316 (1992). Under Massachusetts law, the standard for determining whether a third-party is an intended or incidental beneficiary comports with Section 302 of the Restatement which provides:

---

[3] BISYS only alleges that it is somehow the beneficiary of the agreement between EJD and Stedman. As discussed below, this allegation also fails to state a claim upon which relief can be granted.

> (1) Unless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and either (a) the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary; or (b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance. (2) An incidental beneficiary is a beneficiary who is not an intended beneficiary.

Restatement (Second) of Contracts § 302 (1981); *Miller v. Mooney*, 431 Mass. 57, 62, 725 N.E.2d 545 ( 2000) (expressly adopting the rule of the Restatement (Second) of Contracts § 302 (1981)).

Because BISYS makes no claim that Stedman's purchase of the policy through EJD would satisfy an obligation owed to BISYS by Stedman, the only basis for contractual relief must lie under Section 302(1)(b). Pursuant to Subsection 302(1)(b), the contract and the circumstantial setting must demonstrate that the promisee (Stedman) intended to confer the benefit of the contract on the beneficiary (BISYS). Under that section, "the requisite manifestation of the parties' intent may be evinced in the context, as well as the text, of the contract." *Public Serv. Co. of New Hampshire v. Hudson Light and Power Dept.*, 938 F.2d 338, 341 (1st Cir.1991). For example, where the contract requires performance that will directly confer a benefit on the third-party such as direct payments, courts have found the requisite indicia of intent. *Id.* at 343-45; *Choate, Hall & Stewart v. SCA Serv., Inc.*, 378 Mass. 535, 392 N.E.2d 1045 (1979). As the First Circuit has noted, Massachusetts courts do not confer intended beneficiary status when a contract's terms "do not provide for the benefits of performance to *flow directly* to the third-party." *Public Service*, 938 F.2d at 343 (emphasis added).

BISYS' contract claim, as a matter of law, fails because neither the text (of which it makes no allegation) nor the context of the contract demonstrate an intention to confer upon it a

third-party beneficiary status. BISYS may have benefited had Stedman purchased a policy from EJD as EJD likely would never have brought this suit. However, the execution of the alleged contract between EJD and Stedman was not contingent upon extending that benefit to BISYS. BISYS is no more than an incidental beneficiary and it enjoys no right under Massachusetts law to enforce the contract in question. *Spinner v. Nutt*, 417 Mass. 549, 555-56, 631 N.E.2d 542 (1994). Accordingly, its Third-Party Complaint should be dismissed for failure to state a claim upon which relief can be granted.

## Conclusion

For all of the above-stated reasons, the Third-Party Defendant Stanley Stedman respectfully requests that the Court allow his Motion to Dismiss, enter a separate and final judgment in his favor, and award him his costs and attorney's fees.

Respectfully submitted
Stanley A. Stedman
By his attorney,

_____
J. Mark Dickison (BBO # 629170)
LAWSON & WEITZEN, LLP
88 Black Falcon Ave, Suite 345
Boston, MA 02210
(617) 439-4990

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each other party by mail — hand — telecopier, on ___6/7/04___
& email                    _____

8