UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EJD INSURANCE AGENCY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 03-12304MLW |
| ) | |
| TRANSAMERICA OCCIDENTAL LIFE ) | |
| INSURANCE COMPANY and BISYS ) | |
| INSURANCE SERVICES, INC., ) | |
| ) | |
| Defendants ) | |
| ) | |
| BISYS INSURANCE SERVICES, INC., ) | |
| ) | |
| Third-Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| STANLEY A. STEDMAN ) | |
| ) | |
| Third-Party Defendant. ) | |

**DEFENDANT BISYS INSURANCE SERVICES, INC.'S
RESPONSE TO THIRD-PARTY DEFENDANT STANLEY A. STEDMAN'S
MOTION TO DISMISS**

This lawsuit centers upon an insurance agent's claim that he was not properly compensated for his effort in attempting to place a life insurance policy for a customer. The insurance agent sued the issuing insurer and a general agent. The general agent joined the customer as a Third-Party Defendant on the ground that, in the event the general agent was liable to the insurance agent, the customer was liable over to the general agent. The customer moved to dismiss the joinder complaint.

The Motion to Dismiss must fail. The joinder complaint states a classic conditional common law indemnity claim.

**I.     Background**

Stanley A. Stedman ("Stedman"), the customer, signed an attestation affirming that Brian McNeil ("McNeil") was Stedman's permanent agent of record relative to a Transamerica Occidental Life Insurance Company ("Transamerica") policy.  Third-Party Complaint ¶ 9.  Despite this, Stedman purchased the policy from a competing agent.  Third-Party Complaint ¶ 10.

EJD Insurance Agency, Inc. ("EJD") sued Transamerica and BISYS, a general agent, to recover the commission lost on the policy Stedman bought from EJD's competitor.  BISYS, in turn, joined Stedman as a Third-Party Defendant.

In its Third-Party Complaint, BISYS averred that:

a. Stedman signed an attestation affirming that McNeil was Stedman's agent of record relative to a Transamerica policy; (Third-Party Complaint ¶ 9)
b. Despite designating McNeil as his permanent agent of record relative to a Transamerica policy, Stedman purchased the Transamerica policy from a competing agent; (Third-Party Complaint ¶ 10)
c. Stedman's purchase of the Transamerica policy from a competing agent constitutes a breach of Stedman's contractual obligations to McNeil and EJD; (Third-Party Complaint ¶ 11) and
d. If EJD sustained the damages in the manner and under the circumstances alleged, and if it is found that BISYS is liable to EJD in whole or in part, then such damages will have been occasioned, in whole or in part, by Stedman's breach of contract or other tortuous conduct, for which BISYS is not responsible.  Third-Party Complaint ¶ 12.

**II.    Argument:  Because BISYS' Third-Party Complaint States a Cause of Action Against Stedman Under the Theory of Common Law Indemnification, Stedman Does Not Satisfy the Requirements of F.R.C.P. 12(b)(6) and his Motion to Dismiss Should Be Denied.**

"One of the common, and simple, bases for indemnity is a contract which provides for it.  The right to indemnity may, however, arise without agreement, and by operation of law to prevent a result which is regarded as unjust or unsatisfactory."  PROSSER AND KEETON ON TORTS, 4th ed. at 310 (1971).  Common Law indemnification is

a theory that allows one "exposed to liability solely as the result of a wrongful act of another…to recover from that party." *McCrory v. Spigel*, 260 F.3d 27, 34 (1st Cir. 2001).

As a direct result of Stedman's breach of contract, BISYS has been brought into this lawsuit. Thus, BISYS has been exposed to liability solely as a result of the wrongful act or acts of Stedman. Therefore, to the extent EJD sustained the damages in the manner and under the circumstances alleged, and if it is found that BISYS is liable to EJD in whole or in part, then BISYS is entitled to recover from Stedman.[1]

---

[1] In his Motion to Dismiss, Stedman states "[n]otably, Transamerica, while similarly situated to BISYS, has not asserted any claim for indemnification against Stedman." If Stedman bought the Transamerica policy from EJD, then EJD, Transamerica, and BISYS would all have shared in the insurance premiums. However, when Stedman purchased the Transamerica policy from the competing agent, with whom BISYS had no relationship, the only parties who shared in the insurance premiums were the competing agent and Transamerica. Transamerica shared in the insurance premiums regardless of whether EJD or the competing agent sold the policy to Stedman—but BISYS shared in the premiums only if EJD sold the policy to Stedman. Therefore, Transamerica and BISYS are not similarly situated.

III.     Conclusion

For all the foregoing reasons, Stanley A. Stedman's Motion to Dismiss should be denied.

> Respectfully Submitted,
>
> BISYS INSURANCE SERVICES, INC.
>
> By its attorneys,
>
> /s/ Francis G. Kelleher_____
> Francis G. Kelleher (BBO #629254)
> GOODWIN PROCTER LLP
> Exchange Place
> Boston, MA 02109
> Tel. (617) 570-1000
> Fax. (617) 523-1231
>
> *Of Counsel*
> Stephen C. Baker
> Justin R. Lewis
> Drinker Biddle & Reath LLP
> One Logan Square
> 18th and Cherry Streets
> Philadelphia, PA 19103

Dated: June 21, 2004

**CERTIFICATE OF SERVICE**

I, Francis G. Kelleher, hereby certify that a copy of the foregoing was filed electronically on this 21st day of June, 2004.  Notice of this filing will be sent to all parties in this case by operation of the Court's electronic filing system.  Parties may access this filing through said system.

>  /s/ Francis G. Kelleher_____
> Neil T. Smith