# UNITED STATES DISTRICT COURT

FOR THE

## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EJD INSURANCE AGENCY, INC. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TRANSAMERICA OCCIDENTAL LIFE )<br>INSURANCE COMPANY and BISYS )<br>INSURANCE SERVICES, INC. )<br>)<br>Defendants. )<br>_____)<br>BISYS INSURANCE SERVICES, INC., )<br>)<br>Third-Party Plaintiff, )<br>)<br>v. )<br>)<br>STANLEY A. STEDMAN )<br>Third-Party Defendant )<br>_____) | CIVIL ACTION NO.: 03-12304-MLW |

### REPLY BRIEF OF THIRD-PARTY DEFENDANT STANLEY A. STEDMAN IN FURTHER SUPPORT OF HIS MOTION TO DISMISS THE THIRD –PARTY COMPLAINT

#### Argument

For the purpose of further narrowing the issues in dispute, bringing important determinative facts to the Court's attention, and in order to correct the Defendant/Third-Party Plaintiff BISYS Insurance Services, Inc.'s ("BISYS") inaccurate statements of law and fact in its Response, the Third-Party Defendant Stanley A. Stedman ("Stedman") respectfully submits this reply brief in further support of his Motion to Dismiss the Third-Party Complaint.

I.   **BISYS' Argument That It Has Stated A Claim For Common Law Indemnification Is Without Merit As It Cites The Incorrect Legal Standard**

BISYS relies upon one case—the case of *McCrory v. Spigel*, 260 F.3d 27, 34 (1st Cir. 2001)—in support of its argument that it has stated a claim for common law indemnification. Its citation of *Spigel* is curious because it is wholly inapplicable to this matter. *Spigel* concerned an adversary proceeding in bankruptcy in which a creditor was seeking to have a Rhode Island judgment involving fraudulent conduct determined non-dischargeable. More fundamentally, the citation is fatally flawed because *Spigel* concerned the standard for common law indemnification in *Rhode Island* while this third-party action is governed by the law of Massachusetts as it concerns activities of Stedman that occurred in Massachusetts.

BISYS' ill-advised reliance upon *Spigel* is significant. According to BISYS, common law indemnification under Rhode Island law liberally allows "one 'exposed to liability solely as the result of a wrongful act of another…to recovery from that party." However, "Massachusetts recognizes a right of common law indemnification only under limited circumstances." *Commonwealth of Massachusetts v. JEMS of New England, Inc.*, 15 Mass. L Rptr. 65, 2002 WL 1839253 (Mass. Superior Court (Fabricant, J.), July 25, 2004) (dismissing Third-Party Complaint for common law indemnification) (attached as Exhibit A). "Those circumstances include where the party seeking indemnification incurs liability solely on a derivative or vicarious basis, without any fault of its own, and, in rare cases, where that party's fault is slight compared with that of party from whom indemnification is sought." *Id.*, citing, *Economy Engineering Co. v. Commonwealth*, 413 Mass. 791, 794 (1992); *Rathbun v. Western Massachusetts Electric Co.*, 395 Mass. 361, 364 (1985); *Decker v. Black & Decker Mfg. Co.*, 389 Mass. 35, 40 (1983).

As there was absolutely no relationship between Stedman and BISYS, BISYS has no claim for common law indemnification based on a theory of vicarious or constructive liability. See *Economy Engineering Co. v. Comonwealth,* 413 Mass. 791, 794 (1992); *Rathbun v. Western Massachusetts Electric Co.*, 395 Mass. 361, 364 (1985); *Decker v. Black & Decker Mfg. Co.*, 389 Mass. 35, 40 (1983); *Ford v. Flaherty*, 364 Mass. 382, 385-386 (1973); see also *Araujo v. Woods Hole, Martha's Vineyard, Nantucket Steamship Authority,* 693 F.2d 1, 3 (1st Cir.1982).

Additionally, BISYS simply cannot show that the instant case is one of those rare cases where its fault is slight compared to that of Stedman. Indeed, other than the breach of contract allegation (which is discussed below), there is no allegation that Stedman committed any "wrongful act". His act was merely buying a life insurance policy from a competing agent that offered him a better price. Meanwhile, the plaintiff EJD Insurance Agency, Inc. ("EJD") has alleged that BISYS availed itself of the work product of EJD and then deprived it of a substantial commission by arranging for the life insurance policy sought by Stedman to issue from a competing insurance agent. (Complaint, ¶¶ 1, 6-18, 21-22, 27-28). The allegation that BISYS engaged in *any* wrongful conduct is generally enough to bar a claim for common law indemnification in Massachusetts. See *Rathburn,* 395 Mass. at 364 ("Only in exceptional cases… has indemnity been allowed to one who was not free from fault.") In any event, because BISYS cannot demonstrate any "wrongful act" on the part of Stedman and because its own alleged wrongful conduct is substantial, it is not entitled to common law indemnification against Stedman. *Id.*

B.   **BISYS Has Failed To Oppose Stedman's Argument That It Cannot Recover Because It Is Neither A Party To Nor An Intended Beneficiary Of The Contract Between Stedman And EJD.**

As shown by its response to the motion to dismiss, BISYS' indemnification claim relies on the alleged breach of the agreement entered into between EJD and Stedman as the sole basis of its claim for indemnification. However, BISYS' four page response utterly fails to address the main argument of Stedman: that in order for BISYS to recover because of Stedman's alleged breach of contract, it must demonstrate that it was an intended rather than an incidental beneficiary of that contract. BISYS appears to have pinned its entire opposition on the assumption that Stedman's alleged breach of contract is the equivalent to a "wrongful act" under its common law indemnification theory. However, unfortunately for BISYS, Massachusetts law requires that a third-party seeking to receive the benefit of the performance of a contract between other parties must show that it was an intended beneficiary of the contract. *See, e.g., Rae v. Air-Speed, Inc.*, 386 Mass. 187, 194-95, 435 N.E.2d 628 (1982); *Harvard Law School Coalition for Civil Rights v. President and Fellows of Harvard College*, 413 Mass. 66, 71, 595 N.E.2d 316 (1992). Because it has failed to make any showing—or even any argument—regarding the issue of whether it was an intended beneficiary, its Third-Party Complaint should be dismissed for failure to state a claim upon which relief can be granted.

## Conclusion

For all of the above-stated reasons, the Third-Party Defendant Stanley Stedman respectfully requests that the Court allow his Motion to Dismiss, enter a separate and final judgment in his favor, and award him his costs and attorney's fees.

Respectfully submitted
Stanley A. Stedman
By his attorney,

_____
J. Mark Dickison (BBO # 629170)
LAWSON & WEITZEN, LLP
88 Black Falcon Ave, Suite 345
Boston, MA 02210
(617) 439-4990

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each other party by mail – hand – telecopier, on _____